IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAYSON MITCHELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN,[1] ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br><br> No. 12-1238-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the ALJ's evaluation of Plaintiff's allegations of symptoms, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent with this opinion.

**I.     Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI alleging disability beginning April 1, 2009.[2] (R. 13, 119-21). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges that the Administrative Law Judge (ALJ) erred in evaluating the medical opinions; and in evaluating the credibility of Plaintiff's allegations of symptoms resulting from his impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

---

[2]In his application, Plaintiff alleged disability beginning October 1, 1992, but after consultation with his attorney, at the hearing he amended his alleged onset date to April 1, 2009. (R. 35).

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors

3

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because substantial record evidence does not support the ALJ's credibility determination. Because remand is necessary in any case, the court will not reach Plaintiff's arguments with regard to the medical opinions. He may make these arguments before the Commissioner on remand.

## II.     The Credibility Determination

The ALJ determined that Plaintiff's allegations of the severity of symptoms resulting from his impairments is not credible in general terms because the allegations lack support from the objective medical evidence, from Plaintiff's medications or other treatment, and from Plaintiff's activities. (R. 18-20). Plaintiff claims that the ALJ's consideration of Plaintiff's activities constitutes reliance merely upon the sporadic performance of work or household tasks, that the ALJ erroneously relied upon Plaintiff's alleged noncompliance with taking his insulin, and that in discussing Plaintiff's treatment the ALJ did not demonstrate Plaintiff's allegations were not credible but "just noted ways

in which Mitchell has been compliant with medical treatment." (Pl. Br. 20). He then explains how, in his view, a proper evaluation of the evidence would yield a finding that his allegations are credible. Id. at 21-24. The Commissioner argues that the ALJ properly considered Plaintiff's credibility. She argues that, contrary to Plaintiff's assertion, the ALJ considered all of the medical evidence in making his credibility determination, and that because of a needle phobia Plaintiff did not take the full amount of insulin recommended and would not administer a second shot to himself which weighs against his credibility. (Comm'r Br. 5-6). She argues that although the ALJ recognized that Plaintiff's treating physician instructed him to discontinue use of his continuous positive airway pressure (CPAP) machine, he also noted that Plaintiff took medication that helped him stay awake during the day and reduced the time he spent napping. Id. 6-7. The Commissioner also argues that substantial record evidence supports the credibility determination, and that the ALJ's findings should be upheld. Id. at 7-8. In his reply brief, Plaintiff argues that his needle phobia is a proper basis to excuse his noncompliance with full insulin treatment and "should not weigh against his credibility." (Reply 1).

### A.     Standard for Evaluating the ALJ's Credibility Determination

The court's review of an ALJ's credibility determination is deferential. Credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not

be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. However,

> [b]ecause a credibility assessment requires consideration of all the factors "in combination," [] when several of the factors relied upon by the ALJ are found to be unsupported or contradicted by the record, [a court is] precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.

Bakalarski v. Apfel, No. 97-1107, 1997 WL 748653, *3 (10th Cir. Dec. 3, 1997) (emphasis in original) (quoting Huston v. Bowen, 838 F.2d 1125, 1132 n.7 (10th Cir. 1988) (citation omitted)).

In reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston, 838 F.2d at 1133); Hackett, 395 F.3d at 1173 (same).

### B. Analysis

Although the court's review is deferential, and it is loathe to remand based on error in a credibility determination, it focuses on two matters which demonstrate the error and the need for remand in this case. Therefore, and because a credibility determination requires consideration of all the factors in combination, the court will remand for the

6

Commissioner to consider the combination of factors and will not attempt to reweigh the evidence itself and substitute its judgment for that of the Commissioner.

First, in his analysis of how treatment suggests Plaintiff's allegations are not credible the ALJ implied, without specifically finding, that Plaintiff was not compliant with taking his insulin for diabetes. (R. 19) ("While treatment notes suggest the claimant reports compliance with his diabetes medication, his treatment providers suspect he does not receive the recommended dose of insulin due to his needle phobia."). The Commissioner argues that this is proper because Plaintiff on one occasion admitted to his treating physician that he did not take his insulin properly, and this failure to follow the recommended course of treatment detracts from the credibility of his allegations. (Comm'r Br. 6). Plaintiff argues that his needle phobia is a sufficient basis to justify a failure to administer insulin properly. (Reply 1).

Both Plaintiff and the Commissioner miss the law of this Circuit. In Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987), the court stated a test which should be applied by an ALJ where a claimant has refused to follow or failed to undertake treatment recommended by his physician. "In reviewing the impact of a claimant's failure to undertake treatment, . . . [the court] consider[s] four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." Frey, 816 F.2d at 517. But, the Tenth Circuit has also recognized that the Frey test should not be applied in those situations where treatment has

7

not been prescribed, but where the ALJ is merely considering "what attempts plaintiff made to relieve his pain--including whether he took pain medication--in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The controlling point in this case is the ALJ's suggestion that Plaintiff does not take "the recommended dose of insulin due to his needle phobia." (R. 19). The ALJ's appeal to Plaintiff's failure to take "the recommended dose of insulin," clearly implicates a refusal or failure to undertake recommended treatment and requires that the Frey test be applied before the ALJ may use Plaintiff's failure to follow the recommended treatment to discount the credibility of his allegations of symptoms. The ALJ did not do so here, and that failure is error.

The second matter the court considers with regard to the credibility determination is the ALJ's discussion and analysis regarding treatment for Plaintiff's sleep apnea:

> As for the claimant's use of a continuous positive airway pressure (CPAP) machine, treatment notes confirm the claimant has tried a variety of masks without success. (Exhibit 21F) Although the claimant was able to avoid leaks with a full face mask, he was unable to tolerate the machine for more than brief periods at night due to excessive dry mouth. (Exhibit 21F) The claimant's treatment provider recommended additional surgery, but this was not covered by the claimant's insurance. (Exhibit 21F at p. 8) Ultimately, the claimant's treatment provider recommended he discontinue use of the CPAP machine entirely. (Exhibit 21F at p. 8) . . .The claimant testified he does take medication to help him stay awake during the day, which has reduced the amount of time he spends napping.

(R. 19). As Plaintiff's brief suggests, this discussion demonstrates that Plaintiff has sleep apnea which interferes with his sleep to the extent that he was prescribed a CPAP machine, but that the machine was unhelpful and the physician instructed him to

8

discontinue use of the machine.  These facts support Plaintiff's need to nap during the day and therefore support the credibility of his allegations.  As the Commissioner points out, the ALJ did note that Plaintiff takes medication which has <u>reduced</u> the amount of time he spends napping.  But, that notation merely admits that Plaintiff needs to nap during the day.  The ALJ's discussion says nothing with regard to whether Plaintiff's need to nap can be accommodated and still allow a full eight-hour workday, and it certainly says nothing with regard to whether the record evidence will support such a finding.

The court has identified two of the ALJ's credibility findings which were inadequately considered and are therefore not supported by substantial record evidence.  While the court recognizes that other record evidence supports the ALJ's credibility determination, the court is precluded from weighing the remaining factors to determine whether they, despite the two erroneous grounds, are sufficient to support the ALJ's credibility determination.  <u>Bakalarski</u>, 1997 WL 748653 at *3.  Remand is necessary for the Commissioner to make a proper credibility determination in light of all of the record evidence.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent herewith.

Dated this 28th day of October 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**